Case No. 13-2325, Jeff Shacroff v. U.S. Battery Manufacturing Company. All right, if both attorneys would step up and identify yourselves for the record. May it please the Court, Brian O'Connor for the Defendant's Appeal. May it please the Court, Mark Luganovich for the Defendant, U.S. Battery Manufacturing Company. All right. Each of you will have approximately 15 minutes to present your oral arguments. And from that, Mr. O'Connor, you may save out some time for rebuttal. Thank you. All right. Good morning. Good morning, Your Honors. This case, as you know, presents the issue of what the standard of proof is for a plaintiff on a motion to reinstate where a distributor has been dismissed pursuant to 262, 2-621. Now, in order to reinstate, what do you have to show? Well, we have to show one of the four or five sections of the statute, Judge. The ones that we, Your Honor, that we opted to are A, jurisdiction, and B, that any judgment that we got here in Illinois is not enforceable in China. And we've met that standard under any standard. I cited in our brief the Kellerman case, which uses the word appears. But I think if we look at it in any civil litigation, the standard is going to be what's more probably true than not. And the only twist, the unique twist, I guess, if it's unique in this case, is that the China company is thumbing their nose at our court system because they refuse to appear. Well, how do you know that? They're in default, Judge. Right. They're in default. So how do you argue no jurisdiction when you serve them and ask for default judgment and receive that? We can prove jurisdiction just like in any other case, by affidavits or circumstantial evidence. In this case, we're proving absence of jurisdiction. And how are you doing that? By the affidavits that we have, Judge. It's uncontroverted. How many affidavits do you have? Two and a deposition. There's an affidavit of somebody from Jesslink, Ms. Steinberg. There's an affidavit of counsel's representative, Waymire, and he gave a short deposition. And they're complaining because we didn't do more. Isn't that what the courts kind of felt, that you didn't really do enough? And didn't she suggest that you could do more? Well, I respectfully disagree with that on jurisdiction. Well, you have jurisdiction. We don't have jurisdiction. Well, how did you get a default judgment in the Circuit Court of Cook County? There's a difference between getting jurisdiction to serve a party before the court, as opposed to whether the court itself has personal jurisdiction to render an effective or an enforceable judgment against that party, in this case the Chinese company. And it's very apparent that we don't in Illinois. All right, but it's not unusual or uncommon for a default judgment to be entered. There's all sorts of cases where that occurs. Now, does that mean that you've established anything? Well, the fact that we had a default, no, Your Honor, that doesn't establish anything. No, but you said they're thumbing their nose. But actually parties are defaulted all the time, and they can be right here doing that. That doesn't mean that they're thumbing their nose and that you can't ever get a judgment against them. I can get a judgment against you, Your Honor. We're not claiming that we couldn't. Maybe I'm not making myself clear. No, I think I understand. You believe you've established that there's a lack of jurisdiction, and you believe you've established that you can't enforce a judgment. Correct, and that's very apparent. And the court concluded that you have. Now, let me ask you something else. Does this statute envision, Mr. O'Connor, that you could again request that the court reinstate the defendant? I don't think I can do it ad nauseum, Judge. No, but don't you think that this statute says that at any time means that you can attempt to reinstate the complaint against Battery? Yes. All right, so we're not at the end of the road here. True. You're not out of the box completely. You aren't left without any kind of remedy. If you do more than simply provide a short deposition of an individual who has absolutely no personal knowledge of this company, and you have an affidavit of the woman in California who's the CEO or whatever of Jessling, who actually hasn't even been deposed. Well, you're right, Your Honor, but why should I go through all that effort of deposing when the facts are crystal clear? Well, because the statute requires you to establish certain things. That's why. And I have. I have established that the Chinese company ships to a shipping company or trading company, Shea Yang, who then gives it to Jessling, who then gives it to U.S. Battery, who then gives it to my client's employer. There is no possible basis based on those uncontroverted facts. There's not one single case in our state or under federal due process principles that would allow jurisdiction under those facts. None. But you haven't really established anything about this company. You haven't. How do we know that they're not constantly shipping these things into the United States? You haven't really shown that at all. All you've said is that, well, they don't, but that's really a conclusion and there's no competent evidence by anyone. How do we know that they're not distributing these straps all over the place or in Illinois? I mean, I do think there's a certain amount of evidence that you have to come forward with. I think I've met that burden, Your Honor. I think that we've said this is a product. So there's only two ways we can get jurisdiction over you doing business as, and that we've clearly shown. There's no office here. They don't have any representatives here. There's no specific distributor here. And how have you shown that? Through the deposition of Mr. Wehmeyer or through something that is in the affidavit? Yes, there has to be some presence. I mean, we can only go through the phone books and the Internet searches and the Secretary of State to determine if some corporation has a presence here. And you put in a piece of paper from Google? Under these facts, yes, I did, Judge. Do you think you could use that as competent evidence? Doesn't the statute require some form of competent evidence? Do you think that those little pieces of paper would stand up in any court in the circuit? This is circumstantial evidence on a jurisdiction issue, Judge, where the party that we are suing has not appeared. So we can only have so many bases. I want to read something to the court, you know, about his claim that I can fly over to China to take a deposition. And there was a 2014 article that just came out from the ABA litigation news, and it says, quote, Is this something in the record? No, it's not. All right. Well, then you'll have to move to cite additional authority. Counsel isn't going to be allowed to respond to something that he's never seen. So let's try to confine ourselves to what you've presented. I've presented uncontroverted evidence that establishes a prima facie case, based on Kellerman and the other cases that we've cited, that it appears that there's no jurisdiction. There is speculation by counsel, and, Your Honor, it's asked me a question, well, how do we know that they don't ship other products or use other distributors in the State of Illinois? But we have, based on the record in the court and the evidence that we do have, that we would be able to get, because there's no other way to get any other evidence. Well, couldn't you have deposed this woman in California, Jesslyn, and found out exactly what you needed to know about Hunan from her? And I did, Your Honor. No, you didn't. You have an affidavit, and what does that affidavit say? It says that I stated the course of the way these things are shipped. It starts from China, goes to a trading company, goes to Jesslyn. Jesslyn says that they get all their straps, all of them, from Yuhan. So what more can I prove? They give them to U.S. Battery and other companies who, in turn, ship them all over the place for all we know. U.S. Battery admitted point blank that they have no relationship with this Yuhan company. So those facts are uncontroverted, and based on any scenario I can come up with, with any case that's ever been cited on jurisdiction in Illinois or in the federal court, there's none. There's no jurisdiction. We've at least, Your Honor, we've at least established a prima facie case. The burden shifts to them under any kind of normal jurisprudence basis to come forward with some evidence. They, U.S. Battery, has a relationship with Jesslyn. If there was anything contrary to what I've stated in my brief, surely they would have presented something like that. Counsel, doesn't U.S. Battery argue that you only took one deposition, it was like a 10-minute deposition, and then that's all the discovery that you exercised there? Well, that's not really true, Your Honor. I did get, they had submitted themselves affidavits. Who's they? U.S. Battery. Okay. Of the woman from Jesslyn and their own person. So those facts, I've already proved how these things go. And I've also went to, I've got affidavits, uncontroverted, from lawyers from Baker and McKenzie in Chinese law and Chinese, actual Chinese lawyers, which state the other element of my claim, that there's no basis to enforce a judgment there. They didn't say there's no basis. They said in all likelihood, Your Honor, or it would be almost impossible. So that's like any expert, as long as I've been doing product liability, that's how our engineers testify in a case. I'm sorry. Based on this, what you're telling us in terms of the discovery and the affidavits, you came to the decision that there is no contact whatsoever in Illinois with the company in China? Plus my own investigation through the Secretary of State, Internet searches, all the resources available to trial lawyers to see if they've ever been sued anywhere. Is any of that in the record about you searching records in the Secretary of State's office? And is it in an affidavit? It's an affidavit from me, Your Honor. Now, you didn't depose this woman, Connie Steinberg, correct? Correct. And do you think that from her you might have possibly found out how Yuhan came about, whether Yuhan appeared at a trade show, sent marketing materials, had a salesperson in the United States, any of that? There wouldn't have been any. There was no need to. These are fungible. How do you know that? Because they're fungible items, Your Honor. This is a carrying strap that can be used for almost any type of product. More than likely, then, it's being used all over the United States, and it's being introduced into commerce through the trade company, which is functioning with Yuhan to have this in the stream of commerce. Then if it is, that's no jurisdiction in Illinois because we don't follow that. There's not the fact that it's foreseeable that their product can come into Illinois. No, I understand. I'm just saying I don't know what you've done other than basically say, well, Waymeier said this in the deposition, and there's these affidavits. Other than that, I don't really see that any of this establishes what you need to establish. But the main thing I wanted to find out is whether or not you believe that you are not without a remedy because you can further adduce with perhaps some limited deposition of this woman from Jesslink, but in any event. I'd have to try to reopen the case in the circuit court and get Lee to do that, Judge, because otherwise there's no power of subpoena that I would have access to. Well, the statute in the court clearly indicated to you that you had that opportunity, and she said that she thought that there was something lacking here. But I believe the statute allows for multiple attempts. But I think that before the court is going to permit them to be reinstated as a defendant, there has to be a minimal showing of competent evidence to establish the elements. Well, I can't say any more, Judge. We feel that we've established a prima facie case. There's not much more I can do. I could take a 10-hour deposition of her. She's not going to change her testimony that the product went, and how is she going to know exactly what Juhan does? That's going to be hearsay, too. That's the whole point of this, Judge. Well, I think, Mr. O'Connor, my problem is I think that the evidentiary materials you've supplied don't really support the argument that you're making. I mean, I think it perhaps could be shown that there may not be jurisdiction, but I don't think Mr. Waymire's 12-minute deposition has established that, and I don't think the affidavits of yourself and Ms. Steinberg have shown that. That's all I'm suggesting right now. Well, before I sit down, let me go to the other aspect, Judge, which is the unconverted affidavits by the Chinese lawyers. I mean, they use the terms, like I stated earlier, in all likelihood, and that it's almost impossible to enforce these judgments. Is that Mr. Wang? Wang, and then we had – no, not Wang. He's the guy that talked to – Wang is the guy we hired that finally was able to make contact with the individual that supposedly owns this company in China. We hired a lawyer named Tang, and there's three of them, Your Honor. Are you – am I missing something, or is the standard of the statute unable to satisfy any judgment? Yeah, it's likely unable to satisfy any judgment. Because I think there's also a disconnect there. My understanding from reading the cases is that unable to satisfy a judgment has to do with where a company is bankrupt or nonexistent. I think you've changed the meaning. What case do you have that says unable to satisfy any judgment is the inability to – I just – I don't think – Your Honor, if we got a – let's say I went through and got the default judgment against Yuhan for $250,000 or whatever this case is worth. So I can't enforce that judgment based on the materials that I've submitted in this record, which, again, are uncontroversial. That means it's unable to satisfy any judgment. The law can't be that just because I get a judgment against them that I can't actually get the money that American workers without any remedy can't sue the distributor. That just can't be the law in our state. So I think – Well, other jurisdictions have interpreted unable to satisfy any judgment, and it is not what you're suggesting. It is based upon that being an insolvent, a bankrupt, or otherwise judgment-proof. How have you shown that Yuhan is any of those? We'll never be able to show that, Your Honor. But isn't that what the cases say? No. Kellerman says whether it's fruitless or unavailable. We know that the Kellerman court was summarizing the elements, but the case did not go into what the meaning of each of those provisions was. I agree. And the cases that have interpreted the statute are clear, that your idea of what unable to satisfy a judgment is, is not how cases have interpreted that provision. But I can say, Your Honor, there hasn't been one single case where the defendant is a Chinese company, where we don't have a treaty or an accessible treaty with them, we meaning the United States, and they are in default and refuse to file an appearance. That's what distinguishes this case. So there's no treaties that allow for a default judgment to be entered against a Chinese company? They're a member of the Hague Convention, Your Honor. That's how they were served. We can serve them. But there is no other treaty between China and the U.S. that allows us to enforce a judgment. I even cited some distinguished scholar named Clark on Chinese law in my brief that says it's useless. There's never been a successful enforcement of that. Did you cite an authority? Again, though. Well, I cited a law reviewer. All right. Do any cases say you have to present some competent evidence? But I have presented some, Your Honor. I presented some. All right. Let me just ask you one question. There's two ways that I'm looking at this. The first is that if your affidavit, you know, would say that under Chinese law there is no way to enforce a judgment because that's what there isn't. I know. Well, I wish he did say it that way, Your Honor. Okay, but I'm just saying you could research Chinese law and you could see that there is no such statute or provision in any of the provinces. Yes, sir. Okay. The second thing is what is the purpose of Section 2621? Is that to put people who are injured through products to hoops? Is that the purpose of this? No. And I did cite in our brief, Your Honor, that we, in my opinion at least, we have to look at the underlying purpose of the product liability, which has never changed. That's to put the risk of injury on those parties that are best able to absorb it in the totality of the circumstances. Yes, we have a distributor statute that we don't want to force product liability cases on distributors where the manufacturer is easily obtainable or appears before the court. But in all the cases that have arisen under 2621, there's never been one like ours. I mean, you know, are the courts to be able to set up such hoops where it would cost the plaintiff lawyer hundreds of thousands of dollars on such a motion? No. Is that the purpose of this? It can't be. That you should go to China and take depositions? Is that what is happening in our system, that we should have a system that would allow such a thing? I hope not. I wouldn't want to explain that to my client. Okay. I don't have any other questions or answers. No, but we'll give you some time for rebuttal. Good morning. A bit of a fever this morning, so if I can communicate to you. This case here, as well as any case in the state of Illinois, any case in this country, is all about proof. It's all about evidence. You can't prove your case with your own affidavit. You cannot rule in or rule out a prima facie element of a cause of action by your own affidavit. But they're asserting that they have affidavits from other entities, law firms, et cetera. He has two affidavits I provided from Fred Wehmeyer, the vice president of U.S. Battery, and Connie Steinberg, the owner of Jesslink. All it establishes is the chain of distribution. That's it. He's reading paragraphs into these affidavits that aren't there. It's similar to the lack of any investigation that was taken to prove jurisdiction. How about the lawyer's affidavit? In all likelihood, Chinese courts may not enforce a judgment. May is might. It might snow tonight. There could be a 10% chance. Is that a 50% chance that it might snow? Is that a preponderance, though? I don't believe it is. Let me ask you one question. I want to ask you this one question. Do you agree that Mr. O'Connor is not without a remedy today? In other words, were he to do more homework, as the trial judge suggested, perhaps take some depositions, depose the woman in California, Jesslink, that actually gets these straps from a trading company that gets them from Yuhan, if I'm saying it right, that he has the right to ask the court again to permit battery back in, to reinstate battery as a defendant. Now, I'm sure you don't want that to occur. Public policy favors finality of litigation. That's why there's statutes of limitation, there's statutes of repose, there's all sorts of laws that want to end the litigation. Letting him have more than one bite of the apple and gorging on the whole fruit basket is patently unfair. We know by extension that in so many judgments you get one shot. What is the meaning of that at any time? It means after the manufacturer, I'm sorry, after we have certified the identity of the manufacturer, thereafter, once. It doesn't say how many times. It just says when. No, but you're reading that into it. That's adding a word. At any time thereafter, that implies a single attempt. How many times can you file a summary judgment? You can file a motion to reconsider. The courts are very clear on that, but it's evidence. There's no cause of action that exists in this country where an attorney can provide his own affidavit and rule in or out an element, which is what he's done. This case is only about proof. Well, wait a minute. You know, we still have that lawyer's affidavit there to support B-4. That affidavit is inconsistent in paragraphs 3, 4, and 10. When I read in all likelihood the Chinese courts may not, that doesn't make any sense. What about the interpretation of other courts about enforcing that unable to enforce a judgment does not relate to the idea that a foreign jurisdiction will not accept the judgment. It relates to whether or not the company is bankrupt, is insolvent, or simply no longer in existence. Well, Your Honor, those would be great inquiries if he had actually done any investigation to make those determinations. No, I know, but what I'm asking you is, is the standard simply that you can't get a judgment in another jurisdiction? Is that what the meaning of enforce a judgment, or is the true meaning that you have to show that this Yuhan is either bankrupt, insolvent, or is no longer a live company? There's not a lot of cases defining B-4. So out of this jurisdiction there are. Well, maybe they have assets in the state of Illinois. Maybe they have assets stateside. But if there was any investigation undertaken by the appellant, he could rule that out. Will we all go back to the same subtext? Well, how far does a plaintiff lawyer have to go? I mean, how much money does he have to spend to prove this? A million dollars? Absolutely. $100,000? The law would require at a minimum that the plaintiff to have done in this case to prove these factors. He could have done this. Certified governmental records from the Secretary of State establishing that the manufacturer is not headquartered or incorporated here and has no registered agent. An affidavit from the Circuit Court of Cook County that the manufacturer has never been sued here. A half-hour deposition by phone, Connie Steinberg, who we got the owner's cell phone number from, who's been doing business with this man in China for 10-plus years, inquiring into the business relationship between these two entities. A subpoena, Deuces Tecum, asking for records that might show or illuminate some business transaction in Illinois or the United States. So you're trying to imply that they didn't propound any type of written discovery at all? They sent me some interrogatories asking U.S. Battery if they had any contacts with Yuhan, but they did nothing else. Ninety percent of the proof here is counsel's affidavit, that he did this or did that. The rest of it is just statements and pleadings, how he read the Urban Ring JVR, or how he made calls to AAJ or Trialsmith. That's the only proof here. So Dave Mason disclosing a deposition to purchasing agent for U.S. Battery, lives in California, provides specs to Jessling, half-hour deposition. There are American attorneys in China he could have called to get an affidavit from the owner. He didn't do that either. All that could have been done in two months. This case has been going on for three years. And now after the fact, we get an affidavit from Don Wang, an interpreter, which is hearsay, after 19 months of having the information, all the while denying to the trial court that we ever gained the information, and now he presents this in the record as some sort of proof that there's no contacts with the forum. Well, do you agree that the statute at least requires competent evidence, that is, evidence that would be admissible, and that hearsay translation of a conversation clearly would not be admissible? It absolutely does, Your Honor. And in fact, there's a 1999 case, it's not cited in the record, but it is a bankruptcy case that tries to attempt to define B-4, where they try to present evidence of a letter from an insurance company that this particular manufacturer was not insured. And the court said very simply, this is not authenticated. This is incompetent evidence. Evidence has to be admissible at a trial. There's no evidence here. We can talk about 120 pages of appellate briefs and 60 or 70 cases on jurisdiction. It all comes down to proof. It always has come down to proof. Well, I don't know about the other. The affidavits of the lawyers in China, you know, a threshold issue here is whether unable to satisfy a judgment is what Mr. O'Connor is suggesting, or rather whether it is what other cases have interpreted it to mean, and that is that the manufacturer is insolvent or otherwise judgment-proof. It has nothing to do with whether or not some defendant is a foreign defendant. I believe it's a threshold question, and I don't know that there's any cases suggesting that simply being unable to procure the judgment because of the distance and the fact that the defendant is from another nation. I'm not sure that that's in any way one of the elements, as it's been interpreted by other jurisdictions  Otherwise, the only proof that we have is the attorney affidavit from Baker McKenzie, which is inconsistent. It makes no sense, and it's not competent evidence. You can't say it's in all likelihood you might not. It's not an expert opinion? An expert opinion wouldn't be so equivocal, and he has three or four different standards set forth in a 10-paragraph affidavit. Generally will not. Might be impossible. In all likelihood, you may not. That's not expert opinion. That's nonsense. This guy can't make up his mind what side of the fence he wants to be on. In all likelihood, may not. In Illinois, don't we ask an expert whether it could or might be? Isn't that what our standard is here in Illinois? On a preponderance, but I'm not exactly sure what the evidentiary standard is here for 621. There's some, Kellerman illuminates it. It says once the action is impossible or unavailing, which means futile, but would it be a preponderance standard to prove impossibility? Does the legislature really intend to make people go through hoops here? Is that what they have to do? If you want to hammer an American company on strict liability who did not manufacture, design, or author warnings for a product, I think you should come forward with a substantial amount of proof because the stakes are high for the distributor as well. Is our public policy really enforced when companies can kind of just turn the other way and say, well, I got it from this company in California and they got it from a trading company from China and the trading company got it from another company in China. So my hands are clean from the whole thing. I don't know about that. There's public policy that's set forth as twofold. It supports the domestic distributor. It supports the plaintiff as well. But neither one is higher than the other. And there's no cases that suggest that the injured plaintiff should have the benefit of the public policy as opposed to the domestic corporation. It comes down to presenting the proof. If you want to take advantage of this statute, which hammers a company who did not make, design, or author warnings for a product, which is severe, there's not much defenses to that. If you're going to hit me like that, you better provide proof. And there's none here. Maybe you didn't make the product, but if these straps are supposed to carry this battery, you probably have many instances in which it broke. There's no evidence in the record of any of that, Your Honor. None whatsoever. And we buy the strap from an American company. I mean, the allegations in the trial court were that we did business with big, bad China. We did business with an American company. And you're saying you didn't know it came from China? I certified the manufacturer. I mean, isn't there an international statute that says that when a product is made outside the United States, it should have to be so designated on the product? Are you not familiar with that? I am not. This product is not even sold. We provide it gratuitously. It is a 6-inch piece of rubber with two rivets on the end. Well, have you stopped doing that? I'm sorry? Have you stopped providing it gratuitously with your batteries? I think they continue to do that, Your Honor. But we buy it from an American corporation in California whose information the plaintiff had on September 1, 2011, and he did nothing with it. Anything further? No. Do you have any questions? Nothing further. Anything further by Mr. O'Connor? A brief rebuttal? First of all, Your Honor, we're not hammering anybody. We're just trying to enforce the public policy of strict liability in the State of Illinois. Mr. O'Connor? Yes. On the one section, it says that 261B provides that on motion of the plaintiff a dismissal order may be vacated if an action against the manufacturer is time-barred, if the incorrect manufacturer is certified by the defendant, if the manufacturer no longer exists, is not subject to jurisdiction, which you've argued you have established, or is not amenable to process, which I believe is similar to this idea about the jurisdiction, but it is separate and it's not the same, and then or if the manufacturer would not be able to satisfy the judgment or settlement. Now, there are other cases and there are other states that have the same language that we have in Illinois. New Jersey has a little more forward-thinking language that probably would support maybe what you have here. But in any event, do you believe there's a threshold issue about this section regarding would not be able to satisfy a judgment? I don't know that those lawyers saying that you probably wouldn't be able to enforce the judgment over there has the meaning that has been attributed to this language in other jurisdictions. That being about either they're bankrupt, insolvent, no longer exists, that kind of thing. I understand Your Honor's question. Here's my two-fold answer. Number one, I don't think any case anywhere has ever addressed the situation where you have a Chinese company in the bowels of rural China and is not responding to a court case in whatever state it is. In our case, it's Illinois. No one's ever addressed that, Judge. Secondly, it cannot be, and this I submit to the Court, it cannot be our law in our state that we're going to tell an American worker, well, you can't even though you can't enforce your judgment against that Chinese company, which I have established, at least by a preponderance of the evidence, you can't enforce your judgment, but because the language of the statute uses the word satisfy, you're out of the box. Satisfy would include getting the money, Your Honor. It can't just be bankruptcy. We have to have a means of... I'm just saying there are a number of cases out of state that have interpreted that language, and there are federal cases that have interpreted that language as not the meaning that you're suggesting. They haven't addressed our issue, though, Judge. We're talking about insurance, okay? If you don't have insurance, it's different than whether you can physically or legally enforce a judgment. That's satisfying. We can never... Ron Schraka, no matter what... By the way, this case isn't worth millions of dollars like he suggests, or the Court told me to go to China if my case is, quote, worth millions of dollars, but we cannot satisfy a judgment here, and Ron Schraka can't get a money judgment, get any dollars out of this Chinese company based on the record that we've proved. And I... Why isn't Jess Link in this? Isn't that another person up the chain, or company, rather, I should say? Why aren't they in it? Who's even closer to the... Yuhan. Right. Yeah, why aren't they? I don't know. All right. Well, it's your case. Yeah. All right. Well, anything you wish to add? You said your response was twofold. Well, I think the second point is major, but 90 percent of our proof is not my affidavit. Ninety percent of the affidavits that go to the chain of distribution, which is critical because we have to have some contacts between the manufacturer and Illinois. And we've established a prima facie case. I appreciate Your Honor's question, but we didn't do enough, Judge, under our jurisprudence to shift the burden to them, to come forward with something other than to call me lazy and make other intuitions as to what I did or didn't do. And if there was any evidence, we would know, we would all know, have a sense there'd be something here that Yuhan had some contact here. They don't. And that's why I think I've met my burden. All right. Thank you. All right. The matter was well argued and well briefed, and we will take it under advisement.